UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY JONES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PINA, et al.,<br><br>　　　　　　Defendants. | No. 1:23-cv-01271 GSA (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF NON-PRISONER APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>ORDER DIRECTING PLAINTIFF TO FILE NON-PRISONER APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>NON-PRISONER IN FORMA PAUPERIS APPLICATION DUE **DECEMBER 28, 2023** |

Plaintiff, a former state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. ECF Nos. 1, 2, 6, 7 (complaint, in forma pauperis application, order granting latter). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. For the reasons stated below, Plaintiff will be ordered to file a non-prisoner application to proceed in forma pauperis.

I.    RELEVANT FACTS

On August 24, 2023, both the instant complaint and Plaintiff's application to proceed in forma pauperis were docketed. ECF Nos. 1, 2. At that time Plaintiff was incarcerated at California Substance Abuse and Treatment Facility in Corcoran, California. ECF No. 1 at 1

(Plaintiff's address in case caption of complaint).  On August 28, 2023, after receiving Plaintiff's trust account information (see ECF No. 6), Plaintiff's application to proceed in forma pauperis was granted (see ECF No. 7).

Since the Court's grant of in forma pauperis status to Plaintiff, Plaintiff has filed several notices of change of address, the most recent of which was docketed on November 9, 2023.  See ECF Nos. 8-11 (notices of change address).  That notice indicates that Plaintiff is no longer incarcerated.  See ECF No. 11.

## II.   DISCUSSION

Upon release from prison, a former inmate must be allowed to apply to proceed under general in forma pauperis provisions of 28 U.S.C. § 1915(a)(1).  See DeBlasio v. Gilmore, 315 F.3d 396, 399 (4th Cir. 2003); In re Prison Litigation Reform Act, 105 F.3d 1131, 1139 (6th Cir. 1997) (stating upon release, obligation to pay remainder of fees to be determined solely on question of whether individual qualifies for pauper status); see also Adler v. Gonzalez, No. 1:11-cv-1915-LJO-MJS (PC), 2015 WL 4041772, at *2 (E.D. Cal. July 1, 2015), report and reco. adopted, 2015 WL 4668668 (E.D. Cal. Aug. 6, 2015); Webb v. Lambert, No. CV 12-00041-H-DLC, 2012 WL 5931889, at *1 (D. Mont. Aug. 29, 2012) (citing DeBlasio).  A released prisoner may proceed in forma pauperis upon satisfying the poverty provisions applicable to non-prisoners.  McGann v. Comm'r, Soc. Sec. Admin., 96 F.3d 29, 30 (2d Cir. 1996).

Given that Plaintiff has been released from prison, he will be given the opportunity to continue to proceed with in forma pauperis status upon a showing of poverty.  To assist Plaintiff with providing this showing, the Clerk of Court will be directed to send Plaintiff a copy of the Court's in forma pauperis application for a non-prisoner.  Plaintiff will be required to return the application to the Court by the date provided herein.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall send Plaintiff a copy of this Court's in forma pauperis application for a non-prisoner, and

2. Plaintiff's in forma pauperis application for a non-prisoner shall be filed no later than **December 28, 2023**.

IT IS SO ORDERED.

Dated:   **November 28, 2023**                    **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE