UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY JONES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PINA, et al.,<br><br>　　　　　Defendants. | No. 1:23-cv-01271 GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE<br><br>Local Rules 110, 183(b)<br><br>PLAINTIFF'S SHOWING OF CAUSE, OR IN THE ALTERNATIVE, HIS FILING OF A NOTICE OF CURRENT ADDRESS DUE **SEPTEMBER 13, 2024** |

Plaintiff, a former state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, Plaintiff will be ordered to show cause why this matter should not be dismissed for failure to prosecute, i.e., Plaintiff has failed to file a notice of current address with the Court. As an alternative to filing the showing of cause, Plaintiff may file a notice of current address with the Court. He will be given fourteen days to take either course of action.

I.     RELEVANT FACTS

On November 29, 2023, after Plaintiff had file several notices of change of address with

1

the Court (see ECF Nos. 8-11), the Court ultimately determined that Plaintiff was no longer incarcerated.  As a result, Plaintiff was ordered to file an application to proceed in forma pauperis for a non-prisoner.  See ECF No. 12.  On December 20, 2023, Plaintiff's non-prisoner in forma pauperis application was docketed.  ECF No. 13.

On June 6, 2024, Plaintiff's non-prisoner application to proceed in forma pauperis was granted and a copy of the order was served on him.  See generally ECF No. 14.  Shortly thereafter, on June 17, 2024, that order was returned to the Court marked "Undeliverable, Insufficient Address.  See 6/17/24 docket entry.  To date Plaintiff has not filed a change of address with the Court.

II. DISCUSSION

Local Rule 183 requires a party who is appearing in propria persona to keep the Court informed of his or her current address.  L.R. 183(b).  It also gives the litigant sixty-three days to file a change of address form with the Court once mail sent to him/her has been returned.  Id.  Under the rule, a litigant's failure to provide a change of address to the Court within this period subjects the matter to dismissal for failure to prosecute.  Id.

More than sixty-three days have passed since the order in question was returned to the Court on June 17, 2024, and Plaintiff has not filed a change of address with the Court.   As a result, this matter is ready for a recommendation that this matter be dismissed.  However, given the markings on the order's returned envelope of "Undeliverable, Insufficient Address," as well as the fact that since the commencement of this action, Plaintiff has consistently filed change of address notices with the Court (see, e.g., ECF Nos. 8-12), the Court will grant Plaintiff a further opportunity to update his address with the Court.  Therefore, prior to issuing an order that recommends the dismissal of this case, Plaintiff will first be ordered to show cause why this matter should not be dismissed for failure prosecute.  As an alternative to filing the showing of cause, Plaintiff may file a notice of change of address with the Court.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days from the date of this order, Plaintiff shall show cause why this matter should not be dismissed for failure to prosecute, i.e., failure to keep the Court apprised of

his current address;

    2. As an alternative to filing the showing of cause, Plaintiff may file a notice of current address with the Court, and

    3. Plaintiff shall have fourteen days – **i.e., until September 13, 2024,** – to take either course of action.

IT IS SO ORDERED.

    Dated: __**August 31, 2024**__                __**/s/ Gary S. Austin**__
                                                        UNITED STATES MAGISTRATE JUDGE