UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY JONES, | No. 1:23-cv-01271-KES-GSA (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDERS |
| v. | |
| PINA, et al., | |
| Defendants. | Doc. 17 |

Plaintiff, a former state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff initiated this action on August 24, 2023, while he was still incarcerated. Doc. 1. He was granted in forma pauperis ("IFP") status on August 28, 2023. Doc. 7. Thereafter, he filed four notices of change of address indicating he was no longer in custody. Docs. 8–11. The magistrate judge directed the Clerk of Court to send Plaintiff the IFP application appropriate for non-prisoners. Doc. 12. Plaintiff filled out this second IFP application and the Court granted the motion. Docs. 13, 14. The Court's order was mailed to Plaintiff's address of record on June 6, 2024, but the mailing was later returned as "Undeliverable, Insufficient Address." *See* docket.

On September 3, 2024, the Court directed Plaintiff to show cause why the matter should not be dismissed for failure to keep his address current. Doc. 15. As before, the mailing was

1   returned as "Undeliverable, Unclaimed." *See* docket.  On September 30, 2024, the magistrate

2   judge issued findings and recommendations recommending dismissal of the action for Plaintiff's

3   failure to keep his address updated.  Doc. 17.  The findings and recommendations were served on

4   Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14)

5   days of service.  *Id.* at 2.  The findings and recommendations were later returned to the Court as

6   "Undeliverable, Unclaimed," and Plaintiff has not otherwise provided an updated address or

7   communicated with the Court.  *See* docket.

8        Pursuant to 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review.  Having

9   carefully reviewed the file, the Court concludes the findings are supported by the record.

10  However, in recommending dismissal, the magistrate judge did not address the factors identified

11  by the Ninth Circuit in *Henderson v. Duncan*, 779 F.2d 1421 (9th Cir. 1986).  That analysis

12  should be conducted when recommending dismissal of an action.  *See Pagtalunan v. Galaza*, 291

13  F.3d 639, 641 (9th Cir. 2002).  Thus, the Court makes additional findings to determine whether

14  dismissal is warranted.

15       The Court weighs the following factors: "(1) the public's interest in expeditious resolution

16  of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants;

17  (4) the availability of less drastic alternatives; and (5) the public policy of favoring disposition of

18  cases on their merits."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992).  The first

19  factor is met as "[t]he public's interest in expeditious resolution of litigation always favors

20  dismissal."  *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Next, the Court's

21  management of its docket is negatively impacted by a litigant's failure to follow the court's

22  orders.  *See Ferdik*, 963 F.2d at 1261.  Thus, the second factor also favors dismissal.

23       The third factor also favors dismissal.  While "[l]imited delays and the prejudice to a

24  defendant from the pendency of a lawsuit are realities of the system that have to be accepted,"

25  courts also relate the "risk of prejudice to the plaintiff's reason for defaulting."  *Yourish*, 191 F.3d

26  at 991 (citations omitted).  A rebuttable presumption of prejudice arises when a plaintiff

27  unreasonably delays prosecution of an action.  *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994)

28  (citations omitted).  Here, Plaintiff has not offered any excuse for his failure to comply with the

1  Court's orders.

2  The fourth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. Despite the Court's attempts to obtain a response, Plaintiff appears to have abandoned this action. "The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424. The fifth factor ordinarily weighs against dismissal, as public policy favors deciding cases on the merits. However, it is Plaintiff's responsibility to move litigation toward disposition at a reasonable pace and to avoid dilatory tactics. *See Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not communicated with the Court for nearly a year and has failed to update his address, and the case cannot proceed on the merits in the absence of Plaintiff's participation.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued September 30, 2024 (Doc. 17), are ADOPTED IN FULL;

2. This matter is DISMISSED without prejudice for failure to file a notice of current address with the Court, and

3. The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   December 19, 2024

UNITED STATES DISTRICT JUDGE